# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Musa Jan JAN, a/k/a Mussa Jan JAN**,<br><br>     Petitioner,<br><br>  v.<br><br><br><br>**Ur Mendoza JADDOU,** Director USCIS, in her official capacity;<br>c/o Office of the General Counsel,<br>U.S. Department of Homeland Security, 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20528; and<br><br>**Alejandro MAYORKAS**, Secretary of Homeland Security, in his official capacity; c/o Office of the General Counsel, U.S. Department of Homeland Security, 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20528<br><br>     Respondents. | Case No.:<br><br>**PETITION FOR WRIT OF MANDAMUS** |

## INTRODUCTION

Petitioner Musa Jan JAN, a/k/a Mussa Jan JAN, ("Petitioner" or "Mr. Jan") is a citizen of Afghanistan and a Refugee in the United States. Mr. Jan is a married father of seven, and was admitted to the United States as a refugee on July 21, 2016. *See* **Exhibit 1**.

After his arrival in the United States as a refugee, Mr. Jan filed a Form I-730 Refugee Relative Petition for each of his spouse and his seven children ("the Pending Petitions"), requesting permission for them to join him in the U.S. as refugees. The Pending Petitions require USCIS to determine only two objective facts: if the petitioner Mr. Jan is indeed a refugee (DHS itself granted him refugee status, and evidence of the this is attached to each of the Pending Petitions); and if the

beneficiaries of each Form I-730 are indeed the spouse and children of Mr. Jan (USCIS has never contested this, and the evidence submitted to USCIS's Request for Evidence proving the relationship is attached to each of the Pending Petitions.) *See* **Exhibit 2**. There is no requirement to prove whether any of the beneficiaries suffered past persecution or is likely to suffer future persecution. The Pending Petitions should take USCIS no more than ten minutes each to approve, however USCIS has posted an estimated processing time for Forms I-730 of 22.5 to 29 months at the Texas Service Center, where USCIS mandates that this Asylee Relative Petition be filed. *See* **Exhibit 3**. **It is now more than 45 months that the Pending Petitions are pending at USCIS. This is a disgrace.**

USCIS has a clear and unambiguous duty to adjudicate the Pending Petitions, and to do so within a reasonable period of time. Based on information and experience, USCIS has had ample time to complete any document review required of the Pending Petitions. The extraordinary length of delay – particularly in light of Mr. Jan's emotional torment due to separation from his wife and children, is unreasonable.

Mr. Jan seeks an order compelling USCIS to adjudicate the Pending Petitions immediately, and to send the approval notice to the U.S. State Department to set an appointment for his wife and children to obtain Refugee Visas.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. §1361 (mandamus statute); 28 U.S.C. §§ 2201, 2202 (declaratory judgment); and 5 U.S.C. §§ 555(b), 701-708 (Administrative Procedure Act). *See also Yong Tang v.* Chertoff, 493 F. Supp. 2d 148 (D. Mass 2007); *Litvin v. Chertoff*, 586 F. Supp. 2d 9 (D. Mass 2008); *Taing v. Chertoff*, 526 F. Supp 2d 177 (D. Mass 2007); *Pishdadiyan v. Clinton*, No. 11-10723-JLT, 2012 U.S. Dist.

LEXIS 21819 (D. Mass. Feb. 7, 2012) (recognizing the legitimacy of courts to exercise jurisdiction when government inaction is alleged).

Venue is proper within the District of Massachusetts under 28 U.S.C. § 1391(e)(1)(A) because (1) the Plaintiff resides in Massachusetts and has a principal place of work in Massachusetts; and (2) a substantial part of the events or omissions giving rise to the claim and harm suffered by the Plaintiff occurred in the District of Massachusetts, and (3) there is no real property involved in this action.

## PARTIES

Petitioner Mr. Jan is a refugee in the United States and resides in Lynn, Massachusetts.

Ur Mendoza Jaddou is the Director of USCIS and is named as a Respondent in her official capacity.  She is primarily responsible for and has supervisory duties over the functions of USCIS, which processes and adjudicates all immigrant and nonimmigrant petitions, and refugee relative applications filed in the United States, and he oversees all petitions and applications pending at the USCIS Texas Service Center where the Pending Petition is now sitting.

 Alejandro Mayorkas is the Secretary of Homeland Security and is named as a Respondent in his official capacity.  Respondent Mayorkas is primarily responsible for and has supervisory duties over the functions of the Department of Homeland Security, of which USCIS is a constituent agency.

## STATEMENT OF LAW

<u>'Reasonable Time' Requirement of APA and Title 5 Empowerment of Reviewing Court</u>

Section 555(b) of the Administrative Procedure Act clearly requires timeliness on the part of an agency:

3

With due regard for the convenience and necessity of the parties or their representatives and **within a reasonable time, each agency shall proceed to conclude a matter presented to it.** 5 U.S.C. § 555(b).  (emphasis added).

Further, Section 706(1) of Title 5 mandates:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.  The reviewing court shall— (1) **compel agency action** unlawfully withheld or **unreasonably delayed**; 5 U.S.C. § 706(1).  (emphasis added).

<u>"TRAC Factors" to Support Claim of Unreasonable Agency Delay</u>

In determining whether or not an agency delay is unreasonable for the purposes of APA/Mandamus suits, numerous courts have adopted the so-called "TRAC Factors" outlined in *Telecomms, Research & Action Ctr. v. F.C.C.* ("TRAC"), 750 F. 2d 70, 80 (D.C. Cir. 1984).  *See, e.g., Brower v. Evans*, 257 F. 3d 1058, 1068 (9th Cir. 2001); *Kashkool v. Chertoff*, 553 F. 10Supp. 2d 1131, 1147 (D. Ariz. 2008).  Among the TRAC factors are considerations of the hardships imposed by the delayed agency action, including the guidance that delays are less tolerable "when human health and welfare are at stake" rather than just economic interests.  TRAC.  Additionally, the reasonableness of the delay must be judged in light of Respondents' justifications for such delays.  *Kashkool* (citing *Fraga v. Smith*, 607 F. Supp. 517, 522 (D.Or.1985)).  In *Yong Tang v. Chertoff*, 493 F. Supp. 2d 148, 155-156 (D. Mass 2007), Judge Gertner wrote,

> While "reasonable time" is not a clear standard, I cannot simply ignore it as meaningless. See Imperial Production Corp. v. Sweetwater, 210 F.2d 917, 920 (5th Cir. 1954) ("The legislature is never presumed to have done a vain thing in the enactment of a statute."); Citizens Bank v. Strumpf, 516 U.S. 16, 20 (1995).
>
> Nor does an agency have sole discretion to define what is a reasonable time under the APA, which would render meaningless § 706(1)'s clearly mandatory language that the "reviewing court shall compel agency action unlawfully withheld or unreasonably delayed." Notably, Congress did not say "agency action unlawfully withheld or delayed," as it could have if it meant to allow judicial review only where agency delay violated a fixed deadline set out in a separate statute or

regulation. The deliberate insertion of the word "unreasonably" contemplates that reviewing courts will delve into the question of what is "reasonable" in the pacing of adjudication.

Nor are reviews of the pacing of agency action judicially unmanageable. Accord Zadvydas v. Davis, 533 U.S. 678, 699-700, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). In Zadvydas, the Supreme Court grappled with the question of how to measure "reasonableness" in evaluating delays in removal of detained aliens. Of course the context of this case is different from that case, but the task is analogous: operationalizing the vague standard of "reasonable" delay. I follow the Court's example in Zadvydas and "measure reasonableness primarily in terms of the statute's basic purpose." Id. The language of 5 U.S.C. § 555(b) gives its purpose as "due regard for the convenience and necessity of the parties." Further, that provision is part of the APA, one of whose basic purposes was to provide minimum standards for agency performance. Attorney General's Manual on the Administrative Procedures Act 9 (1946). As a result, there is a "strong presumption in favor of judicial review of administrative action." INS v. St. Cyr, 533 U.S. 289, 298 (2001). It would be contrary to these purposes to interpret 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1) as merely hortatory.

Further, courts have noted that to defer to agencies on pace of adjudication would be effectively to lift the duty to adjudicate applications altogether. See Agbemaple v. INS, 1998 U.S. Dist. LEXIS 7953 *6 (E.D. Ill., 1998) ("Congress could not have intended to authorize potentially interminable delays. We hold that as a matter of law, [plaintiff] is entitled to a decision [on his immigrant visa application] within a reasonable time, and that it is within the power of the court to order such an adjudication."); Salehian, 2006 U.S. Dist. LEXIS 77028 *8 ("the Government simply does not possess unfettered discretion to relegate aliens to a state of `limbo,' leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA.").

## CAUSES OF ACTION

### Count I: Request for Relief under the Mandamus Act

Petitioners repeat and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

Mandamus is available to compel a federal official or agency to perform a duty if: (1) the plaintiff has a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty

to act; and (3) there is no other adequate remedy available. *See* 28 U.S.C. § 1361; *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002).

Mr. Jan has fulfilled all requirements for USCIS to adjudicate the Pending Petitions, and has submitted all necessary information and evidence in support of this filing.

Having been properly completed and executed, Respondents have a clear, ministerial, and nondiscretionary duty to adjudicate the application. 8 U.S.C. 1153(e)(1). *See Litvin v. Chertoff*, 586 F. Supp 2d 9 at 11 (D. Mass 2008) (holding "the government has a nondiscretionary duty to act on applications by processing. This duty is consistent with § 555(b) of the APA, which requires that agency actions be completed within a reasonable time."). Mr. Jan, therefore, has a clear and certain right to receive a decision on the Pending Petitions. *See also Villa v. DHS*, 607 F. Supp. 2d 359, 365 (N.D.N.Y. 2009) (finding that §555(b) requires USCIS to adjudicate applications within a reasonable time).

Mr. Jan has exhausted all possible remedies, making the issuance of a writ of mandamus the only remaining and available recourse. *See* **Exhibit 4**. The unreasonable amount of time – almost four years to adjudicate refugee relative applications has already caused Mr. Jan a particularized and concrete emotional harm, and is poised to cause further harm. As such, it is unreasonable.

## Count II: Request for Relief Under APA

Section 555(b) of the Administrative Procedure Act mandates timeliness on the part of an agency:

> With due regard for the convenience and necessity of the parties or their representatives and **within a reasonable time, each agency shall proceed to conclude a matter presented to it.** 5 U.S.C. § 555(b). (emphasis added).

And Section 706(1) of Title 5 directs the reviewing court to "**compel agency action** unlawfully withheld or **unreasonably delayed**." 5 U.S.C. § 706(1).  (emphasis added).

The Department of Homeland Security and USCIS have promulgated regulations setting forth the process for the filing and adjudication of applications for asylee relatives. Mr. Jan has satisfied those regulations in applying for his children to be refugees.

Respondents have unlawfully withheld adjudication of Mr. Jan's Pending Petitions without any good faith explanation for the unreasonable delay.  The Respondents may not claim that whatever time period they set for adjudications of Refugee Relative Petitions is reasonable simply because it fits their choice of time management. As stated by the Supreme Court in Zadvydas, supra, and by the U.S. Federal District Court in Boston in Yong Tang, supra: the court should "measure reasonableness primarily in terms of the statute's basic purpose." Here, the statue is INA §208(b)(3), and the basic purpose of the statue authorizing a spouse and children of a refugee to enter the United States as refugees is the urgency of safety for the family and the urgency of family reunification.  It most certainly is not to add to the misery of refugees in the United States.

USCIS states in its own training manual entitled "REFUGEE, ASYLUM, AND INTERNATIONAL OPERATIONS DIRECTORATE (RAIO) DIRECTORATE- OFFICER TRAINING on CHILDREN'S CLAIMS", dated November 30, 2015, pages 22-23, *See* **Exhibit 5**, that great harm can come to children who are left without a proper caretaker in regions where there are chaotic social and safety conditions:

> 4.4 Factors that Accelerate or Stunt Development Some children may seem to be much older or much younger than their chronological age. A number of environmental and experiential factors can stunt or accelerate dramatically the development of a child. They include, but are not limited to:
> • chaotic social conditions;
> • experience with forms of violence;
> • lack of protection and caring by significant adults;
> • nutritional deficits;

- physical disabilities; and
- mental disabilities.

4.5 Effects of Stress and Violence. Children who experience stress or emotional disturbances are more severely affected in their ability to reason or to control impulses than children who do not have such experiences. Children who have been separated from parents and other traditional caretakers, even in non-violent situations, may be so severely traumatized that their mental and emotional development is delayed. When children are exposed to violence and war even while with protective adults, all aspects of their development are affected. If children are unprotected by parents or other competent adults during such situations, they are profoundly affected.
While this Training Module is particularly relevant for children who raise independent refugee or asylum claims, the procedural sections may be useful for all cases involving children and young adults.

Respondents' failure to adjudicate constitutes final agency action reviewable by this Court under 5 U.S.C. § 704 because it is a "failure to act." 5 U.S.C. §551(13). Respondents' inaction has caused particularized and concrete injury to Mr. Jan, with further impending injury if inaction persists.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Jan respectfully requests that this Court:

A. Issue a writ of mandamus ordering Respondents to adjudicate Mr. Jan's Pending Petitions within 30 days;

B. Declare that Respondents' delay in adjudicating Mr. Jan's Pending Petitions is unreasonable and violates the APA, and that they are entitled to prompt adjudication within 30 days;

C. Award reasonable costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

D. Grant such further relief as the Court deems just and proper.

Respectfully submitted,
Musa Jan JAN, through counsel,


<u>/s/ Jeffrey W. Goldman</u>
Jeffrey W. Goldman, Esq. (BBO# 548056)
Goldman & Partners Immigration, LLP
125 Washington Street, Suite 204
Salem, MA 01970
(978) 219-5055
jeff@gpimmigration.com

## INDEX OF EXHIBITS

**EXHIBIT 1**   United States Department of State Visa Approval Notice, dated, June 16, 2016, for Mr. Mussa Jan Jan and a copy of his Lawful Permanent Residence Card issued by DHS

**EXHIBIT 2**   Evidence sent to USCIS in response to a Request for Evidence (USCIS has accepted other evidence in lieu of Birth Certificates to prove family relationship)

**EXHIBIT 3**   USCIS Processing Times for I-730 Refugee/asylee Relative Petition

**EXHIBIT 4**   Letter from Attorney Goldman filed, December 20, 2021, requesting USCIS to adjudicate Mr. Mussa Jan Jan's I-730 Petitions

**EXHIBIT  5**   USCIS Training Manual, titled, Refugee, Asylum, and International Operations Directorate (RAIO), dated November 30, 2015

## CERTIFICATE OF COMPLIANCE

Under Federal Rule of Civil Procedure 11, by signing below I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

    Musa Jan JAN
    through counsel,


    /s/ Jeffrey W. Goldman
    Jeffrey W. Goldman, Esq. (BBO# 548056)
    Goldman & Partners Immigration, LLP
    125 Washington Street, Suite 204
    Salem, MA 01970
    (978) 219-5055
    jeff@gpimmigration.com

## CERTIFICATE OF SERVICE

I hereby certify that on , March 9, 2022, I electronically filed the foregoing petition with the Clerk of Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

/s/ Jeffrey W. Goldman
Jeffrey W. Goldman, Esq. (BBO# 548056)
Goldman & Partners Immigration, LLP
125 Washington Street, Suite 204
Salem, MA 01970
(978) 219-5055
jeff@gpimmigration.com
